IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| United States of America, : | |
| : | Case No. 1:13-cr-025 |
| Plaintiff, : | |
| : | Judge Susan J. Dlott |
| v. : | |
| : | Order Denying Motion for |
| Demico Higgins, : | Compassionate Release |
| : | |
| Defendant. : | |

This matter is before the Court on Defendant Demico Higgins's Motion for Compassionate Release (Doc. 759). Higgins filed a *pro se* letter (Doc. 762) in support of the Motion, and the Government filed a Memorandum in Opposition (Doc. 763). For the reasons that follow, the Court will **DENY** the Motion for Compassionate Release.

I. **BACKGROUND**

On March 3, 2013, Higgins was charged in four counts of a fourteen-count Superseding Indictment against twenty defendants. (Doc. 75.) He was charged in Count 1 with conspiracy to possess with intent to distribute heroin and crack cocaine, in Count 2 with distribution of crack cocaine, in Count 13 with possessing a firearm in furtherance of a drug trafficking offense, and in Count 14 with possessing a firearm despite having a prior felony conviction. (*Id.*) On March 7, 2014, he was charged in a one-count Superseding Information with possession with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine. (Doc. 356.) Higgins pleaded guilty to Count 1 of the Superseding Information that same day. (Doc. 358, 362.) The Court sentenced Higgins to a term of imprisonment of 130 months. (Doc. 584.) Higgins is incarcerated at FCI Schuylkill and has an estimated release date

1

of October 13, 2022. Federal BOP, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last viewed Nov. 3, 2021).

## II. STANDARD OF LAW

The Court lacks authority to resentence a defendant, except as permitted by statute. *United States v. Houston*, 529 F.3d 743, 748–749 (6th Cir. 2008). The compassionate release provisions in 18 U.S.C. § 3582(c)(1)(A) were "intended to be a 'safety valve' to reduce a sentence in the 'unusual case in which the defendant's circumstances are so changed, such as by terminal illness, that it would be inequitable to continue the confinement of the prisoner.'" *United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) (quoting S. Rep. 98-225, at 121 (1983)). A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release. *Id.* at 426; *United States v. Hill*, No. 5:14CR337, 2020 WL 5104477, at *1 (N.D. Ohio Aug. 31, 2020). Section 3582(c) provides as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Exhaustion of administrative remedies is a mandatory claim-processing rule. *United States v. Alam*, 960 F.3d 831, 833–834 (6th Cir. 2020). This claims-processing rule "serves important interests" including that "prison administrators can prioritize the most urgent claims" and "investigate the gravity of the conditions supporting compassionate release and the likelihood that the conditions will persist." *Id.* at 835. Any compassionate release motion filed less than 30 days after the warden receives a compassionate release request must be denied without prejudice. *Id.* at 836.

Assuming that the inmate has exhausted administrative remedies, the district court must (1) determine whether "extraordinary and compelling reasons" warrant a reduction and (2) weigh the relevant sentencing factors listed in § 3553(a). *United States v. Jones*, 980 F.3d 1098, 1101, 1108 (6th Cir. 2020).[1] "Congress did not define what constitutes an 'extraordinary and compelling reason,' except to state that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.'" *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting 28 U.S.C. § 994(t)). Courts generally have discretion to define what constitutes "extraordinary and compelling" reasons. *Id.* at 562. Nonetheless, the Sixth Circuit has defined two restrictions on that discretion:

> First, non-retroactive changes in the law, whether alone or in combination with other personal factors, are not "extraordinary and compelling reasons" for a sentence reduction. Second, facts that existed when the defendant was sentenced cannot later be construed as "extraordinary and compelling" justifications for a sentence reduction.

*Id.*

---

[1] The Sixth Circuit determined in *Jones* that the only U.S. Sentencing Commission Policy Statement potentially applicable to motions for compassionate release—U.S.S.G. § 1B1.13—is inapplicable to cases filed by federal inmates. 980 F.3d at 1109, 1111. Therefore, the district court has full discretion to define "extraordinary and compelling reasons" without reference to the policy statement in § 1B1.13. *Id.* at 1111; *United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

The § 3553 factors referenced in the statute include (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need for the sentence imposed to reflect the seriousness of the offense; (3) the need to protect the public from further crimes of the defendant; (4) the sentencing guideline range; and (5) the need to avoid unwarranted sentence disparities among defendants with similar records guilty of similar conduct. 18 U.S.C. § 3553. These factors implicitly allow a district court to consider the amount of time served when determining if a reduction in sentence is appropriate. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020). Also, district courts can consider the non-retroactive changes in law relevant to sentencing as part of its weighing of the § 3553(a) sentencing factors. *United States v. Jarvis*, 999 F.3d 442, 445 (6th Cir. June 3, 2021), *petition for cert. filed, Jarvis v. United States*, No. 21-568 (U.S. Oct. 19, 2021). District courts are encouraged to be "explicit and particular with their factual reasoning" when they consider the § 3553(a) factors. *Jones*, 980 F.3d at 1113.

### III. ANALYSIS

Higgins exhausted the administrative prerequisites by asking the Warden for release before he filed this suit. (Doc. 759-1 at PageID 2780–2781.) Higgins seeks compassionate release on grounds that he has medical conditions that put him at risk for severe illness or death from COVID-19. His prison medical records support the contention that he suffers from hypertension, type-II diabetes, hyperlipidemia, and obesity. (Docs. 759-2, 761-1, 761-2.) He received treatment and counseling at a chronic care clinic at the prison for these conditions. (Docs. 759-2, 761-1, 761-2.) The Centers for Disease Control has identified diabetes, obesity, and hypertension as conditions that can make adults "more likely to get severely ill from COVID-19." CDC, *People with Certain Medical Conditions*,

4

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last viewed Nov. 3, 2021). The Court need not address hypothetical risks in this case, however.

Higgins tested positive for COVID-19 on February 16, 2021. (Doc. 761-2 at PageID 2902–2904.) He denied having symptoms at the time he tested positive. (Doc. 761-2 at PageID 2903.) However, he stated in a letter to his attorney that he "never felt so sick before in [his] life." (Doc. 759-3 at PageID 2799.) Nonetheless, the medical records indicate that he was free of COVID-19 symptoms after being placed in medical isolation for ten days. (Doc. 761-2 at PageID 2902.) Moreover, Higgins received the two-shot regime of the Pfizer vaccination for COVID-19 in February and March 2021. (Doc. 761-2 at PageID 2933.)

The Sixth Circuit has held that COVID-19 does not present an extraordinary and compelling reason for sentence reduction once a defendant has access to the vaccine:

> [W]e agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id.*

*United States v. Lemons*, — F.4th —, 2021 WL 4699249, at *3 (6th Cir. Oct. 8, 2021); *see also United States v. Traylor*, — F.4th —, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021) (following *Lemons* and denying compassionate release to an inmate who was fully vaccinated). In this case, where Higgins has recovered from COVID-19 and is fully vaccinated, COVID-19

5

does not present an extraordinary and compelling reason to grant him a compassionate release from prison.

## IV. CONCLUSION

For the foregoing reasons, Higgins's Motion for Compassionate Release (Doc. 759) is **DENIED**.

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott* (signature)
Susan J. Dlott
United States District Judge